UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIAN VAUGHN,<br><br>                    Plaintiff,<br><br>     -against-<br><br>EMMANUEL YAKUBOV,<br><br>                    Defendant. | 1:23-cv-3263-GHW<br><br>TRANSFER ORDER |

GREGORY H. WOODS, United States District Judge:

Plaintiff brings this action *pro se*, invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332.[1] He alleges that his claims arose in Brooklyn, New York, and the sole defendant is Brooklyn resident Emmanuel Yakubov. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c).

---

[1] Plaintiff paid the filing fee for this action.

Plaintiff alleges that during the period from April 1–14, 2023, he negotiated and entered into an agreement with Arkham Funding Solutions for a line of credit exceeding $2 million. The underwriter, Defendant Yakubov, allegedly told Plaintiff that he must wire $287,000, of which $175,000 would be held as collateral and $112,000 would be used to establish a payment history to improve the Dun & Bradstreet rating of his business. Plaintiff states that Yakubov "set up shell accounts" to mislead both his boss at Arkham Funding Solutions and Plaintiff. Dkt. No. 1 at 5. After Plaintiff wired the money, Defendant became "unavailable," has "blocked" Plaintiff, and has "take[n] off with the money." *Id.* Plaintiff alleges that his claims arose in Brooklyn, and he provides an address for Defendant in Brooklyn.

Because Plaintiff alleges that his claims arose outside this district and that the sole defendant resides outside this district, it appears from the face of the complaint that venue does not lie in this district. Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Brooklyn, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Accordingly, venue is proper under 28 U.S.C. § 1391(b)(2) in the Eastern District of New York. In the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York without delay. No summons shall issue from this Court. This order closes the case in this district.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   April 21, 2023
        New York, New York

                                      GREGORY H. WOODS
                                     United States District Judge