UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 23-CV-03131 (HG) (RER)

———————————

JULIAN VAUGHN

versus

EMMANUEL YAKUBOV

———————————

**REPORT & RECOMMENDATION**

September 28, 2023

———————————

TO THE HONORABLE HECTOR GONZALEZ
UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Julian Vaughn ("Plaintiff") commenced this action pro se on April 19, 2023, against Emmanuel Yakubov ("Defendant"), alleging that Defendant misled and ultimately "scammed" Plaintiff in a business transaction. (ECF No. 1 ("Compl.") at 5). Since filing the Complaint, Plaintiff has failed to advise the Court that Defendant has been properly served. Plaintiff has twice been warned that failure to do so would result in a report recommending dismissal of his case for failure to prosecute. (Orders dated 4/26/2023 and 7/25/2023). For the reasons discussed herein, I respectfully recommend sua sponte that the Court dismiss without prejudice Plaintiff's action for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41.

## BACKGROUND

Plaintiff alleges that between April 1 and April 14, 2023, he negotiated and entered into an agreement with Arkham Funding Solutions, under which he would secure a $2 million line of credit. (Compl. at 5). Pursuant to the agreement, Defendant, the underwriter, allegedly told Plaintiff that he must wire $175,000 to be held as collateral for the loan, and $112,000 to be used to establish a payment history to improve the Dun & Bradstreet rating of Plaintiff's business. (*Id.*). Plaintiff alleges that upon wiring $287,000 to the requested accounts, Defendant became "unavailable" and "blocked" Plaintiff. (*Id.*). Plaintiff alleges that Defendant "set up shell accounts" to mislead both Plaintiff and Arkham Funding Solutions, and has since "take[n] off with the money." (*Id.*). Plaintiff now seeks to recover the $287,000 payment. (*Id.*).

Plaintiff originally commenced this action in the United States District Court for the Southern District of New York. The case was transferred to this District on April 21, 2023, in light of Plaintiff's allegations that his claim arose in Brooklyn, where Defendant also resides. (ECF No. 4 at 2). Once transferred, I issued an order directing Plaintiff to advise the Court that Defendant has been served by filing a proof of service or waiver of service of the Summons. (Order dated 4/26/2023). I further advised Plaintiff that "if proper service is not made upon [D]efendant by July 18, 2023, or [P]laintiff fails to show good cause why such service has not been effected, the undersigned will recommend that the District Court dismiss this action without prejudice for failure to prosecute." (*Id.*). Finally, I reminded Plaintiff that, as a pro se litigant, he is required to advise the Clerk of Court as to any change of address. (*Id.*). A copy of the Court's order was mailed to Plaintiff.

On July 25, 2023, I extended Plaintiff's time to serve Defendant until August 11, 2023. (Order dated 7/25/2023). I once again warned Plaintiff that "[i]f proper service is not made upon defendant by August 11, 2023, or plaintiff fails to show good cause why such service has not been

effected, the undersigned will recommend that the District Court dismiss this action without prejudice for failure to serve and failure to prosecute." (*Id.*). A copy of the Court's order was mailed to Plaintiff. As of the date of this Report, Plaintiff has not advised the Court that Defendant has been served, and he has not updated the Court as to any change of address.

## DISCUSSION

It is well-settled that a "district court may, *sua sponte*, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. Rule 41(b)." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *see e.g., Murray v. N.Y.C. Dep't of Corr.*, No. 16-CV-0676 (AMD) (ST), 2016 WL 7665809, at *2 (E.D.N.Y. Dec. 23, 2016). "[T]he Second Circuit has 'recognized that a Rule 41(b) dismissal is a harsh remedy [that] is appropriate only in extreme situations.'" *Miller v. Cty. of Nassau*, No. 12-CV-4466 (JS) (AYS), 2017 WL 8813130, at *2 (E.D.N.Y. May 5, 2017) (quoting *Sorokin v. N. Y. Cty. Dist. Att'y's Off.*, 535 F. App'x 3, 5 (2d Cir. 2013)). "This is particularly true where a plaintiff is proceeding *pro se*." *Abreu v. Weston*, No. 18-CV-0186 (MAD) (ATB), 2020 WL 524777, at *2 (N.D.N.Y. Feb. 3, 2020) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see e.g., McDonald v. Head Criminal Court Superior Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("Pro se litigants may in general deserve more lenient treatment than those represented by counsel . . ."). Nevertheless, "[dismissal] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Consequently, courts have "repeatedly found that 'dismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives.'" *Miller*, 2017 WL 8813130, at *2 (quoting *Robinson v. Sposato*, No. 13-CV-3334 (JFB) (WDW), 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014)).

3

The Second Circuit considers five factors when weighing dismissal under Rule 41(b): "(1) the duration of plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudice by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas*, 84 F.3d at 535. Here, each of the five factors supports dismissal of this action.

The first factor encompasses both "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). Here, the failure to prosecute is entirely attributable to Plaintiff. Plaintiff has failed to comply with court orders directing him to show proof of service on Defendant, has not provided the Court with any updated contact information,[1] and has made no other attempt whatsoever to contact the Court since commencing this case. In addition, courts in the Second Circuit have found delays as short as two months to be significant in duration. *See Dabydeen v. Wells Fargo Bank, N.A.*, No. 18-CV-3396 (KAM) (JO), 2018 WL 4185703, at *2 (E.D.N.Y. Aug. 31, 2018) (finding a delay of two months warranted dismissal) (citing *Zappin v. Doyle*, No. 17 Civ. 8837 (KPF), 2018 WL 2376502, at *6–7 (S.D.N.Y. Apr. 10, 2018) (finding first factor weighed in favor of dismissal where plaintiff requested leave to amend his complaint and in the subsequent two months failed to amend the complaint, despite opportunities to do so, and ignored at least six court orders during that period); *Capogrosso v.*

---

[1] "It is the plaintiff's responsibility to keep the Court informed of [her] current address, and failure to do so may justify dismissal for failure to prosecute." *Sims v. Fernandez*, No. 03 Civ. 2997 (KMW) (DF), 2004 U.S. Dist. LEXIS 6108, at *4 (S.D.N.Y. Mar. 16, 2004); *see also Murray*, 2016 WL 7665809, at *2 ("Plaintiff's failure to maintain a valid address or other contact information on the docket and failure to make even a single attempt to reach out to the Court or counsel at any time during the last nine months has made prosecuting this case impossible. During this time, Plaintiff has missed multiple Court conferences and the case has not moved forward in any way.").

*Troyestsy*, No. 14 Civ. 381, 2015 WL 4393330, at *4 (S.D.N.Y. July 17, 2015) ("[D]ismissal has been found appropriate for delays as short as two months when a party has become completely inaccessible, as accessibility strongly suggests that plaintiff is not diligently pursuing [his or] her claim." (internal quotation marks and citation omitted)). Further, a short delay may be significant where it "function[s] as a complete block to moving th[e] litigation forward." *Kent v. Scamardella*, No. 07 Civ. 844 (SHS), 2007 WL 3085438, *2 (S.D.N.Y. Oct. 18, 2007); *see also Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (finding that dismissal was appropriate for a ten-day delay where Plaintiff refused to proceed and failed to comply with multiple court orders). Here, Plaintiff's delay is over two months in duration. Additionally, since Plaintiff has failed to communicate with the Court in any manner, the delay has functioned as a complete and indefinite block to advancing the litigation. Therefore, Plaintiff's delay weighs in favor of dismissal.

Second, the Court evaluates whether Plaintiff was notified that a failure to comply would result in dismissal. *Drake*, 375 F.3d at 255. Here, Plaintiff was twice warned that his failure to show proper service of the Summons would result in a recommendation that his action be dismissed. (*See* Orders dated 4/26/2023 and 7/25/2023). Each warning was mailed to Plaintiff's last-known address via regular mail. Even one warning is sufficient, and thus the second factor weighs in favor of dismissal. *See, e.g., Peart*, 992 F.2d at 462 (finding that one verbal warning to plaintiff's counsel was sufficient notice that Plaintiff's case may be dismissed).

Third, the Court determines whether Defendant is prejudiced by Plaintiff's delay. *Drake*, 375 F.3d at 256. "Prejudice to defendants resulting from unreasonable delay may be presumed," but where the delay is "moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell*, 682 F.2d at 43. In other words, the shorter or more excusable the delay, the greater the need to demonstrate actual prejudice. *Id.* Here, the delay was not excusable, and Plaintiff has

5

made no effort to justify his failure to comply with court orders. Although Defendant has not been served, "there is nothing in the record to rebut th[e] presumption" that the unreasonable delay has caused prejudice. *Dabydeen*, 2018 WL 4185703, at *2 (citations and quotations omitted). Therefore, the third factor weighs in favor of dismissal.

Fourth, the Court balances its need to manage a busy docket against Plaintiff's right to be heard. *See Bilal v. City of New York*, No. 17-CV-4498 (NGG) (SLT), 2020 WL 1698600, at *2 (E.D.N.Y. Apr. 8, 2020). "[D]ismissing the case without prejudice adequately strikes the balance between the Court's need to 'manage efficiently a congested docket' and the 'the plaintiff's right to due process.'" *Chavis v. City of New York*, 17 Civ. 9518 (PAE) (BCM), 2018 WL 6532865, at *4 (S.D.N.Y. Oct. 12, 2018) (quoting *Jackson v. City of New York*, 22 F.3d 71, 76 (2d Cir. 1994)). Here, Plaintiff has not complied with or responded to the Court's orders in any way, and "consequently has expressed no interest in prosecuting this action since filing his [] complaint." *Dabydeen*, 2018 WL 4185703, at *2. Weighing the nature of Plaintiff's conduct and the resources the Court has spent managing the docket in this action, the Court concludes that the fourth factor weighs in favor of dismissal. *See id.* (finding plaintiff's failure to file amended complaint despite two court orders warranted dismissal).

Lastly, the Court considers the efficacy of sanctions less severe than dismissal. Plaintiff's failure to comply with the Court's orders despite being warned that his case would be dismissed is evidence that lesser sanctions will not be effective. *See Thomas v. Shinseki*, No. 09-CV-4900 (ADS) (WDW), 2011 WL 4753525, at *6 (E.D.N.Y. Oct. 6, 2011) (finding that no lesser sanctions were appropriate where plaintiff had "not only squandered" the extension of time granted in the case, "but also failed to provide any reason for her noncompliance with a direct order from th[e] [c]ourt"); *Europacific Asset Mgmt. Corp.*, 233 F.R.D. 344, 355 (S.D.N.Y. 2005) (holding that

dismissal was appropriate where warnings failed to motivate plaintiff to "change his ways"). Moreover, it "is not an efficient use of the Court's or [D]efendants' resources to permit this case to languish on the docket in the hope that [P]laintiff will reappear in the future." *Davison v. Grillo*, No. 05-CV-4960 (NG) (LB), 2006 WL 2228999, at *2 (E.D.N.Y. June 27, 2006). Further, the delay here is such that litigation cannot move forward without Plaintiff, and therefore no lesser sanction could address the problem. *See Lawal v. United States*, 90 F. App'x 568, 570 (2d Cir. 2004) (upholding the lower court's decision to dismiss an action where "the litigation could not proceed in the absence of" the plaintiff and thus a lesser sanction would not "have addressed the problem"). Thus, the fifth and final factor weighs in favor of dismissal.

"When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell*, 682 F.2d at 43 (quoting Fed. R. Civ. P. 41(b)). Here, the statute of limitations will not prohibit Plaintiff from prosecuting this case in the future. This action arises out of an alleged fraudulent scheme, and thus is subject to a six (6) year statute of limitations. *See* N.Y. C.P.L.R. § 213(8). A six (6) year statute of limitations similarly applies to any related breach of contract claim Plaintiff has asserted or may assert. *See id.* § 213(2). Under the applicable statute of limitations, Plaintiff will have ample opportunity to pursue this claim if he chooses to prosecute it in the future. In consideration of Plaintiff's pro se status and Plaintiff's ability to bring this claim again in the future, I respectfully recommend that this case be dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that this action be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute and failure to comply with a court order. The Clerk of Court is hereby directed to serve copies of this Report and Recommendation

7

upon Plaintiff and Defendant by regular and certified mail. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Hector Gonzalez within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

Hon. Ramon E. Reyes, Jr.
Digitally signed by Hon. Ramon E. Reyes, Jr.
Date: 2023.09.28 10:28:12 -04'00'

_____
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: September 28, 2023
       Brooklyn, NY